**AMERICAN SAMOA GOVERNMENT, Plaintiff,**

**v.**

**PENIAMINA KOLOSE PINO, Defendant.**

High Court of American Samoa
Trial Division

CR No. 47-97

December 3, 1997

ORDER DENYING MOTION TO PROSECUTE
DEFENDANT AS A CHILD

Before KRUSE, Chief Justice, TAUANU'U, Chief Associate Judge,
SAGAPOLUTELE, Associate Judge.

Counsel: For Plaintiff, Frederick J. O'Brien, Assistant Attorney General
For Defendant, David P. Vargas, Public Defender

### Introduction

On May 10, 1997, Defendant, Peniamina Kolose Pino ("Pino"), a
juvenile, was arrested and taken into custody for the crime of Murder in
the First Degree (A.S.C.A. § 46.3502) and Rape (A.S.C.A. 46.3604).
The Public Defender's Office assumed responsibility for Pino's defense,
and reached an agreement with the Attorney General's Office to have
Pino examined by mental health professionals to determine Pino's
"competency" to stand trial.

On June 27, 1997, this court held a "competency" hearing and received testimony from Dr. Lynn Albertson and Dr. Malaefou Elisaia regarding Pino's mental condition. At the conclusion of the hearing, the court ordered the Public Defender's Office to submit a memorandum outlining his position. The court received the "Memorandum of Law Re Prosecution of Mentally Disadvantaged Youth as an Adult" on July 1, 1997.

## Discussion

■ Based on the title and substance of the Public Defender's memorandum, we find that the Public Defender's claim that Pino is "incompetent" to stand trial is essentially a request that this court curtail the discretion that the Fono has granted the Attorney General under A.S.C.A. § 45.0115(c)(2). That provision states that a "child may be charged with the commission of a felony only after the hearing as provided in paragraph (1), *or* when the child is . . . alleged to have committed a crime of violence and is 14 years of age or older. . . ." (emphasis added). This court has consistently held that the "or" language in A.S.C.A. § 45.0115(c)(2) means that the Fono has conferred upon the Attorney General the power to proceed against an individual 14 years or older as an "adult" for felony crimes of violence. *See American Samoa Gov't v. Fa`apito*, 1 A.S.R.3d 199, 200-01 (Trial Div. 1997); *American Samoa Gov't v. Julio*, 9 A.S.R.2d. 128 (Trial Div. 1988). Thus, while this court has the power under A.S.C.A. § 45.0115(c)(1) to conduct a hearing to certify the child as an adult for the purposes of criminal proceedings, this court has no power to interfere with the Attorney General's prosecutorial discretion under A.S.C.A. § 45.0115(c)(2).

■ The Public Defender asks this court to consider Pino's sophistication and maturity relative to other children in his chronological age group. However, the Juvenile Justice Act exclusively uses "chronological age," and not "mental age" to determine whether or not a particular defendant qualifies for treatment as a "child" or as an "adult." *See* A.S.C.A. § 45.0103(2) (distinguishing "adults" from "children" by focusing on whether the criminal act occurred before or after the 18th *birthday*). Therefore, we simply cannot obfuscate the statutory language and make case-by-case determinations of "mental age" to determine whether someone is 14 years of age for the purposes of A.S.C.A. § 45.0115(c)(2).

The Public Defender concedes that the "legislature granted unbridled discretion to the prosecutor to treat juvenile offenders charged with acts of violence as adults." However, the Public Defender pleads that "very few jurisdictions allow the prosecutor to unilaterally determine whether a child should be tried as an adult" and that "[i]n most jurisdictions it is the

court that determines whether a juvenile should be treated as an adult for criminal prosecution." The Public Defender's policy arguments should be presented to the Fono, not this court.

## Order

Accordingly, the Public Defender's motion for a court order to prosecute Pino as a child under the Juvenile Justice Act is DENIED.

It is so Ordered.